## SAMUEL S. CHISHOLM
## v.
## THE BEAVER LAKE LUMBER COMPANY.

*Evidence—Competency—Deposition—Telegrams—Copies.*

This court holds as incompetent and immaterial, portions of a certain deposition introduced in evidence after the case presented was remanded to the trial court, and that the additional evidence, introduced at the second trial, did not materially change the facts as presented by the former record.

[Opinion filed June 14, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. JESSE COX, for appellant.

Messrs. FRANK J. SMITH & HELMER, for appellee.

MORAN, J.   This case was before this court at the October term, 1885, and was then reversed because the trial court admitted in evidence certain copies of telegrams, which were attached to the deposition of one Olson, read on the trial, there being no proof in the case which made the copies competent evidence, and it was said by this court " that without the telegraphic messages attached to the deposition the plaintiff's evidence would have been insufficient to support the verdict."

After the case was remanded to the Superior Court, appellees struck out of the deposition all references to the telegrams which were held incompetent, and thereupon appellant moved to suppress the remainder of the deposition, as it appeared from it that statements which it contained were not made upon the knowledge of the witness, and because he clearly evaded (in answering cross-interrogatories), stating the means of his knowledge. The court overruled the motion and allowed certain portions of the deposition to be read, to the reading of which proper exceptions were saved.

There is in the deposition no statement which, standing by itself, or taken in connection with anything else in the record, is competent and material; the additional evidence introduced at the last trial does not materially change the facts as presented by the former record.

The theory of appellee seems to be that it should have judgment unless appellant proves that he does not owe the debt. There is no competent evidence to sustain the verdict and the judgment must be reversed and the cause remanded.

*Reversed and remanded.*